UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DAVID PERKINS, | ) | |
| Plaintiff, | ) ) ) | Civil No. 6:24-cv-00002-GFVT |
| v. | ) ) | **MEMORANDUM OPINION** |
| MARTIN O'MALLEY, *Commissioner of Social Security* | ) ) ) | **&** **ORDER** |
| Defendant. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

David Perkins seeks judicial review of an administrative decision denying his claim for disability insurance benefits. Mr. Perkins brings this action pursuant to 42 U.S.C. § 405(g), alleging error on the part of the administrative law judge who considered the matter. The Court, having reviewed the record and for the reasons set forth herein, will **DENY** Mr. Perkins's Motion for Summary Judgment [R. 13] and **GRANT** the Commissioner's [R. 15].

**I**

Plaintiff David Perkins applied for Supplemental Security Income disability benefits on July 21, 2015, alleging disability beginning September 22, 2014. [R. 10 at 345.] The Social Security Administration denied his claim on its initial review. *Id.* at 137. On reconsideration, the Social Security Administration again denied Mr. Perkins's claim. *Id.* at 23. That decision was remanded by this Court on May 10, 2022. *Id.* at 1039. Mr. Perkins's most recent hearing was with Administrative Law Judge Joyce Francis, who again denied Mr. Perkins's request for benefits. *Id.* at 970. Mr. Perkins elected to forgo the Appeals Council and instead filed a Complaint with this Court, seeking review under 42 U.S.C. § 405(g). [R. 1.] Both parties have now filed motions for summary judgment which are ripe for review. [R. 13; R. 15.]

## II

To evaluate a claim of disability for Supplemental Security Income disability benefits, the ALJ conducts a five-step analysis. *See* 20 C.F.R. § 416.920. If at any step the ALJ can find that the claimant is disabled or not disabled, the analysis stops. *Id.* § 404.1520(a)(4). First, if a claimant is performing substantial gainful activity, he is not disabled. *Id.* § 404.1520(a)(4)(i). Second, if a claimant does not have a severe impairment or combination of impairments, he is not disabled. *Id.* § 404.1520(ii). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. *Id.* §§ 404.1520(a)(4)(iii), (d).

Before moving on to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity, which assesses his ability to perform certain physical and mental work activities on a sustained basis despite any impairment. *See id.* C.F.R. §§ 404.1520(e), 404.1545. Under the fourth step, an ALJ uses a claimant's RFC to determine whether he is still able to do his past work. *Id.* § 404.1520(a)(4)(iv). If so, he is not disabled. *Id.*

Finally, if an ALJ assesses a claimant's RFC in conjunction with his age, education, and work experience and finds that the claimant cannot adjust to perform other jobs available in significant numbers in the national economy, the claimant is disabled. *See Id.* §§ 404.1520(g), 404.1560(c). Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by [his] impairments and the fact that [he] is precluded from performing [his] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

**A**

The ALJ completed the five-step analysis to determine Mr. Perkins's disability status. [R. 10 at 976-987.] She first determined that Mr. Perkins had not engaged in substantial gainful employment during the period in which he claimed to be disabled. *Id.* at 976. Second, the ALJ found that Mr. Perkins had the following severe impairments: cervical and lumbar degenerative disc disease; idiopathic neuropathy; chronic obstructive pulmonary disease with tobacco abuse; emphysema; arthritis, including shoulders and ankles; remote loss of vision in the right eye; palpitations with possible transient ischemia attack; and obesity. *Id.* As part of her analysis, the ALJ found that Mr. Perkins's depression was not severe. *Id.* at 976–977. But at step three, the ALJ found that none of these impairments nor any combination of them met "or medically equal[ed] the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 . . . ." *Id.* at 978.

Before proceeding to step four, the ALJ fashioned Mr. Perkins's RFC. *See* 20 C.F.R. § 404.1520(e). After considering the record, the ALJ determined that:

> the claimant has the residual function capacity to perform light exertion work as defined in 20 CFR 416.967(b), except the individual can frequently kneel, crouch, crawl, and climb ramps and stairs. He can never climb ladders, ropes, scaffolds. He can frequently balance as defined by the Selected Characteristics of Occupations in the Dictionary of Occupational Titles. He can occasionally stoop. He can tolerate occasional exposure to vibration. He can tolerate frequent concentrated exposure to atmospheric conditions, as defined in the Selected Characteristics of Occupations of the DOT. He can tolerate occasionally exposure to heights and moving machinery. He can perform occasional bilateral overhead reaching. He can alternate between sitting for thirty minutes and standing for thirty minutes during an eight-hour workday. He would need frequent use of a cane for ambulation.

[R. 10 at 979.]

To make this finding, the ALJ first determined that Mr. Perkin's medically determinable impairments could reasonably be expected to cause his alleged symptoms. *Id.* at 980. But, the

3

ALJ found that Mr. Perkins's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other evidence in the record. *Id*. at 981. After evaluating Mr. Perkins's statements, treatment records, the opinion of Dr. Robert Nold, and other medical consultants, the ALJ found that the objective, medical evidence indicated support for the above RFC, including the usage of a cane. *Id*. at 984. The ALJ also noted that Mr. Perkins's obesity further supported the limitation to light work with the need for a cane. *Id*. at 985.

Next, the ALJ proceeded to step four. *Id*. She considered the testimony of a vocational expert and concluded that Mr. Perkins would not be able to perform his past relevant work as a press operator. *Id*. Proceeding to step five, the ALJ heard from a vocational expert and determined that there are numerous jobs Mr. Perkins can perform in the national economy, such as price marker, routing clerk, and small parts assembler. *Id*. at 986. Therefore, the ALJ found that Mr. Perkins is "not disabled." *Id*.

**B**

The Court's review of the ALJ's determination is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence" is said to be "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen*

*v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To decide whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). A reviewing court is restricted from making factual findings *de novo*, resolving conflicts in the evidence, or making credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). Rather, if the Commissioner's decision is supported by substantial, legitimate evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Id.* at 714.

Mr. Perkins takes issue with one key finding that the ALJ made during this process. He argues that the ALJ "failed to reconcile the internal inconsistencies between performing a range of light level work, and Mr. Perkins' need to frequently use a cane to ambulate." [R. 13 at 8.] According to Mr. Perkins, this was significant "because had the ALJ found Mr. Perkins further limited and incapable of performing light level work due to his need to use a cane frequently, [he] would have been found disabled based on his age." *Id*.

1

As an initial matter, "[t]here is no *per se* rule that use of a cane to ambulate precludes performance of all light jobs." *Pack v. Saul*, No. 0:20-cv-00024-GFVT, 2020 WL 7647180, at *7 (E.D. Ky. Dec. 23, 2020) (citing *Scott v. Comm'r of Soc. Se*c., 2018 WL 6175375, at *6 (E.D. Mich. Nov. 5, 2018)). The ALJ notably included in her RFC that Mr. Perkins needs his cane to assist with ambulation, not balance. [R. 10 at 979.] Mr. Perkins does not appear to challenge this conclusion. [R. 13.] Yet, in essence, Mr. Perkins contends that there is an inherent

inconsistency between light-level work and the usage of a cane to ambulate. *Id*. In Mr. Perkins's view, "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," as defined in 20 C.F.R. § 416.967(b), is at odds with his speculation that he will only be able to use one upper extremity to lift or carry objects. As the Commissioner emphasizes in his brief, Mr. Perkins has "failed to point to any evidence that supports his argument." [R. 15 at 4.] "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

However, the Court acknowledges a certain common-sense element to Mr. Perkins's contentions – if the upper limitations of light work are defined with two available arms in mind, then having less available limbs would likely impact that capacity. The decision in *Strong v. Kijakazi*, 2022 WL 1750999 (E.D. Ky. May 31, 2022) articulated an equally common-sense response – "light work only requires the claimant to *lift* twenty pounds at a time and *lift and carry* up to ten pounds at a time, which is contrary to Strong's assertion that he would have to regularly carry twenty pounds." *Id*. at *6. An individual performing light work may be expected to lift twenty pounds at a particular workstation, but is only theoretically required to carry ten pounds around their workplace.

In reaching her conclusion on Mr. Perkins's RFC, the ALJ carefully considered Mr. Perkins's medical records. [R. 10 at 979-985.] She also considered the opinion of Dr. Robert Nold as to the extent of Mr. Perkins's limitations. *Id*. Additionally, she considered Mr. Perkins's own statements but found those "not entirely consistent with the medical evidence and other evidence in the record." *Id*. In reaching her ultimate conclusion, the ALJ included Mr. Perkins's need for a cane to ambulate in the RFC. *Id*. Given the common-sense explanations above, the record does not suggest the ALJ failed to consider the requirements of light work in

6

the context of Mr. Perkins's limitations. Indeed, "the RFC for light work, which ... does not require [plaintiff] to *carry* up to 20 pounds, is not internally inconsistent with the restriction of a cane for ambulation." *Strong v. Kijakazi*, 2022 WL 1750999 at *6 (E.D. Ky. May 31, 2022) (quoting *Latham v. Comm'r of Soc. Sec.*, No. 16-CV-10690, 2017 WL 1173773 at * 2 (E.D. Mich. March 30, 2017)). Additionally, in considering what work Mr. Perkins would be able to perform, the vocational expert was specifically prompted about light work with the additional limitation of frequent use of a cane for ambulation. [R. 10 at 1010-1011.] The vocational expert stated that if the cane is "being used strictly for ambulation" the same light work jobs – such as price marker or routing clerk – could be performed by Mr. Perkins's hypothetical doppelganger. *Id*. Substantial evidence is a deferential standard and it is met "if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). That standard was met here.

### III

Mr. Perkins objects to the RFC that the ALJ determined in rejecting his application for disability benefits. While the Court sympathizes with Mr. Perkins's predicament, its role is not to retry his case. Instead, the Court finds that substantial evidence supported the ALJ's opinion. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Mr. Perkins's Motion for Summary Judgment **[R. 13]** is **DENIED**, and the Commissioner's Motion for Summary Judgment **[R. 15]** is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

This the 16th day of October 2024.



Gregory F. Van Tatenhove
United States District Judge